JUDGE WOOD       14 CV   4471

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
pkim@rosenlegal.com
Laurence M. Rosen, Esq. (LR 5733)
lrosen@rosenlegal.com
Kevin Chan (KC 0228)
kchan@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff



RECEIVED
JUN 20 2014
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL REITAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CHINA MOBILE GAMES & ENTERTAINMENT GROUP, LTD, KEN JIAN XIAO, YING SHULING; CREDIT SUISSE SECURITIES (USA) LLC, BARCLAYS CAPITAL, INC., JEFFERIES LLC, BREAN CAPITAL, LLC, AND NOMURA SECURITIES INTERNATIONAL, INC.,<br><br>Defendants. | Case No:<br><br>CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

1

Plaintiff, individually and on behalf of all other persons similarly situated, by plaintiff's undersigned attorneys, for plaintiff's complaint against defendants, alleges the following based upon personal knowledge as to plaintiff and plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through plaintiff's attorneys, which included, among other things, a review of the U.S. Securities and Exchange Commission ("SEC") filings by China Mobile Games and Entertainment Group Limited ("CMGE" or the "Company"), and analyst and other media reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased CMGE's American Depository Shares ("ADS") between September 20, 2012 and June 19, 2014, including those investors who purchased CMGE ADS pursuant to the CMGE's secondary public offering that closed on or about March 26, 2014 (the "Offering").

2. Defendant CMGE, a Cayman Islands corporation headquartered in Guangzhou, China, is the largest publisher and developer of mobile games in China.

3. Net proceeds from the Offering to CMGE, that closed on March 26, 2014, was $78.7 million.

4. Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse"), Barclays Capital, Inc. ("Barclays"), Jeffries LLC ("Jeffries"), and Nomura Securities International, Inc. ("Nomura") were joint bookrunners and Brean Capital, LLC ("Brean") was co-manager of the Offering. Credit Suisse, Barclays, Jeffries, Nomura, and Brean are collectively referred herein as

the "Underwriters." The underwriting fees generated from the Offering was approximately $3.9 million, and with the over-allotment, $4.5 million.

5. Throughout the Class Period, Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that CMGE was engaged in a bribery scheme within the Company's game publishing business, that CMGE was engaged in undisclosed related party transactions, and that CMGE lacked internal controls.

6. On June 19, 2014 the price of CMGE share fell $4.27/share to $14.63/share before being halted by the NASDAQ on news reports that CMGE had removed nine executives, including the defendant Ying Shuling, CMGE's President, for alleged involvement in bribery.

7. Chinese internet news media reported that the misconduct also involved undisclosed related party transaction involving CMGE. These reports also indicate that in addition to Shuling, Vice President Sun Jingzhi, Vice President Du Xinxing, and General Managers Min Shuzhong and Wang Kun and Distribution Center Director Du Juan, Overseas Distribution Group Vice General Manager Luo Xiao—were among those terminated.

8. As a result of this adverse information Plaintiff and the Class have suffered damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78b-1 and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5, and pursuant to Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77(o). Section 22 of the Securities Act provides for jurisdiction over Securities Act claims in this Court.

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and Section 22(a) of the Securities Act, 15 U.S.C. §77v(a).

11. Venue is proper in this District pursuant to Section 27 of the Exchange Act, and 28 U.S.C. § 1391(b) and Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a). Defendants maintain their principal executive offices in this District and many of the acts, practices and transactions complained of herein occurred in substantial part in this District.

12. In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

13. Plaintiff Darryl Reitan, as set forth in the accompanying Certification, which is incorporated by reference herein, purchased the CMGE ADSs during the Class Period and has been damaged thereby.

14. Defendant CMGE is a Cayman Islands company headquartered and operating in China. At all relevant times herein CMGE's ADSs were listed on the NASDAQ.

15. Defendant Ken Jian Xiao ("Xiao") at all relevant times was the Company's Chief Executive Officer and Director.

16. Defendants Ying Shuling ("Shuling") was the Company's President between October 2013 until his removal on or about June 19, 2014.

17. Defendant Credit Suisse is an investment bank with offices in New York County. Credit Suisse was an underwriter in the Offering.

18. Defendants Barclays is an investment bank with offices in New York County. Credit Suisse was an underwriter in the Offering.

19. Defendant Jefferies is an investment bank with offices in New York County. Credit Suisse was an underwriter in the Offering

20. Defendant Nomura is an investment bank with offices in New York County. Credit Suisse was an underwriter in the Offering.

21. Defendant Brean is an investment bank with offices in New York County. Credit Suisse was an underwriter in the Offering.

22. Defendants Xiao and Shuling are referred to here, collectively, as the "Individual Defendants."

23. Defendants Credit Suisse, Barclays, Jefferies, Nomura, and Brean are referred to here, collectively, as the "Underwriter Defendants."

24. CMGE and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## ALLEGATIONS OF FALSE STATEMENTS

25. The Class Period begins on September 20, 2012 when the SEC declared effective a registration statement and prospectus previously filed by the Company. The final prospectus was filed with the SEC on September 21, 2012. The registration statement was signed by defendant Xiao.

26. On April 26, 2013, CMGE filed with the SEC on Form 20-F the Company's annual report for the fiscal year ended December 31, 2012 (the "2012 20-F"). The 20-F was signed by defendant Xiao and was also accompanied by a Sarbanes-Oxley Act of 2002 ("SOX") certification signed by Xiao attesting to the accuracy of the 20-F and stating that he had disclosed to the Company's audit committee and auditor "[a]]ny fraud, whether or not material, that

involves management or other employees who have a significant role in the Company's internal control over financial reporting."

27. On March 7, 201,4 CMGE filed with the SEC on Form 20-F the Company's annual report for the fiscal year ended December 31, 2013 (the "2013 20-F"). Like the 2012 20-F, the 2013 20-F was signed by defendant Xiao and was also included Xiao's SOX certification.

28. On March 7, 2014, CMGE filed its initial registration statement for the Offering, which was amended on March 14, 2014, and March 18, 2014. The registration statement was declared effective by the SEC on March 20, 2014. The registration statement was signed by defendant Xiao. The final prospectus for the Offering was filed with the SEC on March 21, 2014.

29. The above public documents were materially false and misleading because Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that CMGE was engaged in a bribery scheme within the Company's game publishing business and that CMGE lacked adequate internal controls relating to its compliance with anti-bribery laws.

## THE TRUTH EMERGES

30. On June 19, 2014 the price of CMGE share fell $4.27/share to $14.63/share before being halted by the NASDAQ on news reports that CMGE had removed nine executives, including the defendant Ying Shuling, CMGE's President, for alleged involvement bribery.

31. Chinese internet news media reported that the misconduct also involved undisclosed related party transaction involving CMGE. These reports also indicate that in addition to Shuling, Vice President Sun Jingzhi, Vice President Du Xinxing, and General

6

Managers Min Shuzhong and Wang Kun and Distribution Center Director Du Juan, Overseas Distribution Group Vice General Manager Luo Xiao-were among those terminated.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all purchasers of CMGE's American Depository Shares ("ADS") between September 20, 2012 and June 19, 2014, including those investors who purchased CMGE ADS pursuant to the CMGE's secondary public offering that closed on or about March 26, 2014 (the "Offering").

33. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, CMGE securities were actively traded on the NASDAQ Stock Market. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by CMGE or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

36. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a)      whether the Exchange Act was violated by defendants as alleged herein;

    b)      whether the Securities Act was violated by defendants as allege herein;

    c)      whether statements made by defendants misrepresented material facts about the business, operations and management of CMGE; and

    d)      to what extent the members of the Class have sustained damages and the proper measure of damages.

37.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

38.      The market for CMGE common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and omissions as set forth above, CMGE securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired CMGE securities relying upon the integrity of the market price of CMGE securities and market information relating to CMGE, and have been damaged thereby.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: AFFILIATED UTE

39.      Neither Plaintiff nor the Class need prove reliance - either individually or as a class because under the circumstances of this case, which involves a failure to disclose the material related party transactions described herein above, positive proof of reliance is not a

8

prerequisite to recovery, pursuant to ruling of the United States Supreme Court in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered the omitted information important in deciding whether to buy or sell the subject security.

## COUNT I

### For Violations of §10(b) of the Exchange Act and Rule 10b-5 Against Defendant CMGE and the Individual Defendants

40. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41. This claim is asserted against CMGE and the Individual Defendants.

42. During the Class Period, the Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including plaintiff and other Class members, as alleged herein; and (2) cause plaintiff and other members of the CMGE's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, the Defendants, and each of them, took the actions set forth herein.

43. The Defendants: (1) employed devices, schemes, and artifices to defraud; (2) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (3) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for CMGE's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

44. The Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of CMGE as specified herein.

45. The Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of CMGE's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about CMGE and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of CMGE's securities during the Class Period.

46. Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's

finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

47.     The Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing CMGE's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its common stock. As demonstrated by these Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, the Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

48.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of CMGE securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of CMGE's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by the Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired

CMGE securities during the Class Period at artificially high prices and were or will be damaged thereby.

49. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding CMGE's financial results, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CMGE securities, or, if they had acquired such common stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

50. By virtue of the foregoing, the Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

51. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's Securities during the Class Period.

52. This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## COUNT II

### For Violations of §20(a) of the Exchange Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of CMGE within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness

of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

55.    In particular, each of these defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

56.    As set forth above, CMGE and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

57.    By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

58.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.'

## COUNT III

### Violation Of Section 11 Of The Securities Act
### Against CMGE, the Underwriter Defendants, and the Individual Defendants

59. Plaintiff repeats and realleges each and every allegation contained above. This Count is asserted in connection with the Offering against CMGE, the Underwriter Defendants, and the Individual Defendants.

60. This count is predicated upon these Defendants' strict liability for making false statements of material fact in the Registration Statement and Prospectus for the Offering (collectively "Offering Materials").

61. The Company, the Individual Defendants, and the Underwriter Defendants were sellers, offerors, and/or solicitors of the purchasers of the common stock offered pursuant to Offering Materials. These defendants issued or caused to be issued the Offering Materials in connection with the Offering.

62. The Offering Materials contained untrue statements of material fact. These Defendants' actions included soliciting Plaintiff and the Class by means of these Defendants' participation in the preparation of the false Offering Materials.

63. CMGE is the registrant for the Offering. The Individual Offering Defendants are responsible for the contents of the Registration Statement based upon their status as directors of the Company or because they signed or authorized the signing of the Registration Statement on their behalf pursuant to Sections 11(a)(1)-(3) of the Securities Act. The Underwriter Defendants are responsible for the contents of the Registration Statement pursuant to Section 11(a)(5) of the Securities Act.

64. These Defendants were obligated to make a reasonable and diligent investigation of the statements contained in the Offering Materials to ensure that such statements were true and that there were no material omissions of facts required to be stated therein in order to make the statements contained therein not misleading. None of these Defendants made a reasonable

investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Materials were accurate and complete in all material respects.

65. Plaintiff and the other members of the Class did not know, nor could they have known, of the untruths or omissions contained in the Offering Materials.

66. This claim is brought within one year after discovery of the untrue statements and omissions in the Offering Materials and within three years of the effective date of the Offering Materials.

67. By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages from the Defendants and each of them, jointly and severally.

## COUNT IV

### Violations Of Section 15 Of The Securities Act
### Against Individual Defendants

68. Plaintiff repeats and re-alleges each and every allegation contained above.

69. This count is asserted against the Individual Defendants, each of whom was a control person of CMGE at the time of the Offering.

70. For the reasons set forth above in the Third Count, CMGE is liable to Plaintiff and the members in connection with the Offering based on the untrue statements of material fact contained in the Offering Materials, pursuant to Section 11 of the Securities Act, and were damaged thereby.

71. The Individual Defendants were control persons of CMGE by virtue of, among other things, their power and influence and exercised the same to cause CMGE to engage in the acts described herein; their positions as senior officers of the Company, their day-to-day control of CMGE's business affairs, their responsibility or control over the contents of the Registration

Statement and Prospectus, and/or their control over the inaccurate statements of material fact contained in the Registration Statement and Prospectus.

72.     None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements alleged herein.

73.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after CMGE shares was sold to the Class in connection with the Offering.

74.     By reason of the misconduct alleged herein for which CMGE is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as CMGE pursuant to Section 15 of the Securities Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

(d)     Awarding rescissory damages; and

(e)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 20, 2014

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

_____
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Kevin Chan (KC 0228)
275 Madison Avenue, 34th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against China Mobile Games and Entertainment Group Limited. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The China Mobile Games and Entertainment Group Limited. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

**First name:** Darryl
**Middle initial:** L
**Last name:** Reitan
**Address:** REDACTED
**City:**
**State:**
**Zip:**
**Country:**
**Facsimile:**
**Phone:**
**Email:**

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 2/24/2014 | 135 | 38.96 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:       YES

Certification for Darryl Reitan (cont.)

By clicking on the button below, I intend to sign and execute this agreement and retain the Rosen Law Firm, P.A. to proceed on Plaintiff's behalf, on a contingent fee basis.        **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 06/20/2014

*[Signature: Darryl Z Reitan]*