USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CHINA MOBILE GAMES &
ENTERTAINMENT GROUP, LTD
SECURITIES LITIGATION

This Document Relates To: All Actions

CASE NO. 1:14-CV-04471 (KMW)

EXHIBIT A

[~~PROPOSED~~] KMW ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT

WHEREAS, an action is pending before this Court styled *In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, No. 1:14-cv-04471 (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated May 22, 2017 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and their Related Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on Sept. 14, 2017 [a date at least one hundred (100) calendar days from the entry of this Order], at 2:30 p.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 18B, 500 Pearl St., New York, NY 10007, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether to certify a Class for settlement purposes; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine whether to grant Lead Counsel's request for reasonable attorneys' fees and expenses for their representation of the Class; to determine whether the Court should grant Plaintiffs' reimbursement of their reasonable costs and expenses (including lost wages) directly related to his representation of the Class; to hear any objections by Class Members to the Stipulation or Plan of Allocation or any award of fees and expenses to Lead Counsel and to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Class defined as: All Persons who purchased or otherwise acquired publicly traded China Mobile Games & Entertainment Group Limited ("CMGE") American Depository Shares ("ADS") between April 26, 2013 and January 14, 2015, both dates inclusive, including those investors who purchased ADS pursuant to CMGE's Secondary Offering, and who were damaged by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and/or Sections

11, 12, and 15 of the Securities Act of 1933. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which a Defendant has or had a controlling interest, Zhongzheng, Juan Du, and Chenghai Dan. The Underwriter Defendants or any entity in which any of the Underwriter Defendants has or had a controlling interest (for purposes of this paragraph, together an "Underwriter Defendant-Controlled Entity") are excluded from the Class only to the extent that such Underwriter Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in CMGE ADS. To the extent that an Underwriter Defendant-Controlled Entity purchased CMGE ADS in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Underwriter Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such CMGE ADS. Also excluded from the Class are any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Lead Plaintiff Johnnie Dormier and named plaintiffs Edward McCaffery, and Charlie Chun (collectively, "Plaintiffs") are appointed as representatives of the Class, and Lead Counsel Glancy Prongay & Murray LLP is appointed as class counsel for the Class.

5.  With respect to the Class, the Court finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) have been satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and

protected the interests of all Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the Action of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

6. The Court approves, as to form and content, the Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Internet Long Form Notice"), the Proof of Claim and Release form ("Proof of Claim"), Summary Notice ("Summary Notice"), and Postcard Notice ("Postcard Notice"), annexed respectively as Exhibits A-1, A-2, A-3, and A-4 to the Stipulation, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, posting of the Internet Long Form Notice and the Proof of Claim on the Settlement website, www.strategicclaims.net/cmge, and the mailing of copies of the Internet Long Form Notice and/or the Proof of Claim to those Class Members who request them, substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only the firm of Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than fourteen (14) calendar days after the execution of the Stipulation, counsel for the CMGE Defendants shall provide the Claims Administrator or Lead Counsel, at no cost to Plaintiffs, with transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased CMGE ADS during the Class Period;

(b) Not later than twenty (20) business days after the date of this Order (the "Notice Date"), the Claims Administrator shall commence mailing of the Postcard Notice, substantially in the form annexed hereto as Exhibit A-4 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort.

(c) Not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service;

(d) Not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Stipulation and its Exhibits, including a copy of the Internet Long Form Notice and Proof of Claim to be posted on the Settlement website at www.strategicclaims.net/cmge, substantially in the forms annexed hereto as Exhibits A-1 and A-2. The Claims Administrator shall mail copies of the Internet Long Form Notice and/or Proof of Claim to any Class Members who request to receive a paper copy of such forms; and

(e) Not later than seven (7) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Nominees who purchased CMGE ADS for the benefit of another Person during the Class Period, shall send the Postcard Notice to all beneficial owners of CMGE ADS within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such

beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.

9. Lead Counsel or the Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Postcard Notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Postcard Notice, subject to further order of this Court with respect to any dispute concerning such compensation. Other than the cost, if any, of Defendants providing the names and addresses of Persons who purchased CMGE ADS during the Class Period to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

10. All members of the Class (except Persons who request exclusion pursuant to ¶15 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any Allocation from the Settlement Fund or the Net Settlement Fund.

11. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than one hundred and twenty (120) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the Allocation of the

proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as Allocation of the Net Settlement Fund is not materially delayed thereby. By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim and the subject matter of the Settlement.

12. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") via First-Class mail, postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of CMGE ADS from April 26, 2013 through and including January 14, 2015, including the dates of such purchase, acquisition, or sale, the amount of CMGE ADS purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the Allocation of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

14. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible, and in any event not less than fourteen (14) days prior to the Settlement Hearing.

15. Any member of the Class (other than those Persons who submit a timely and valid Request for Exclusion) may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and reimbursement of expenses should or should not be awarded to Lead Counsel, or why Plaintiffs should or should not be reimbursed for their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Lead Counsel, or Plaintiffs' reimbursement of costs and expenses (including lost wages) directly related to their representation of the Class, unless written objections and copies of any papers and briefs are received by Kara M. Wolke, Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067; Andrew B. Clubok, Adam T. Humann, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022; and Adam S. Hakki, Daniel C. Lewis, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, no later than twenty-one (21) days prior to the Settlement Hearing; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, no later than twenty-one (21) days prior to the Settlement Hearing. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such

objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, or Plaintiffs' reimbursement of costs and expenses (including lost wages), unless otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing and any reply papers shall be filed and served no later than ten (10) calendar days prior to the Settlement Hearing.

18. Neither Defendants nor any of the Released Persons shall have any responsibility for or liability with respect to the Plan of Allocation, any application for attorneys' fees or expenses submitted by Lead Counsel, or any application for Plaintiffs' reimbursement of costs and expenses (including lost wages) directly related to their representation of the Class, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and/or expenses by Lead Counsel or Plaintiffs should be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither

Plaintiffs nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.8-3.9 of the Stipulation.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

22. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

23. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 5-25-17               _/s/ Kimba M. Wood_____
                              THE HONORABLE KIMBA M. WOOD
                              UNITED STATES DISTRICT JUDGE