UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/17

| | |
|---|---|
| IN RE CHINA MOBILE GAMES & ENTERTAINMENT GROUP, LTD SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | CASE NO. 1:14-CV-04471 (KMW) |

# [PROPOSED] KMW FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated May 25, 2017, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated May 22, 2017 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court, having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class as well as those members of the Class who did not timely file a valid Request for Exclusion from the Settlement Class by the August 24, 2017, deadline pursuant to the Preliminary Approval Order.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order certifying the Action as a class action for settlement purposes only, on behalf of a Class defined as: All Persons who purchased or otherwise acquired publicly traded China Mobile Games & Entertainment Group Limited ("CMGE") American Depository Shares ("ADS") during the period from April 26, 2013 through January 14, 2015, both dates inclusive, including those investors who purchased ADS pursuant to CMGE's Secondary Offering, and who were damaged by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and/or Sections 11, 12, and 15 of the Securities Act of 1933. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns, any entity in which a Defendant has or had a controlling interest, Zhongzheng, Juan Du, and Chenghai Dan. The Underwriter Defendants or any entity in which any of the Underwriter Defendants has or had a controlling interest (for purposes of this paragraph, together an "Underwriter Defendant-Controlled Entity") are excluded from the Class only to the extent that such Underwriter Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in CMGE ADS. To the extent that an Underwriter Defendant-Controlled Entity purchased CMGE ADS in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Underwriter Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such CMGE ADS. Also excluded from the Class are those Persons who submitted timely and valid requests for exclusion in accordance with the Internet Long Form Notice, who are listed on Schedule 1 hereto.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and is in the best interests of the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Schedule 1 attached hereto), who timely requested exclusion from the Settlement Class before the August 24, 2017 deadline, the Court hereby dismisses the Action and all Released Claims asserted against Defendants by Plaintiffs and Members of the Class with prejudice. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, and as provided in the Stipulation, Plaintiffs and each of the Class Members (except as to those Persons identified in Schedule 1 attached hereto) and any Person claiming through or on behalf of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacities as such,, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and

forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms and whether or not such Class Member shares in the Settlement Fund) any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims).

8. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claims (including, without limitation, any Unknown Claims) against Plaintiffs and any other Plaintiffs' Related Persons, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Related Persons. This release shall not apply to any Persons identified in Schedule 1 attached hereto.

9. Upon the Effective Date, Plaintiffs and each of the Class Members who have not timely requested exclusion from the Class as identified in Schedule 1 attached hereto, and any Person claiming through or on behalf of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacities as such, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), whether or not such Class Members execute and deliver the Proof of Claim and Release forms and whether or not such Class Member shares in the Settlement Fund.

10. Notwithstanding paragraphs 7 – 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. The distribution of the Postcard Notice, publication of the Summary Notice, and availability of the Internet Long Form Notice via website and mailed upon request provided to the Class in accordance with the Preliminary Approval Order entered on May 25, 2017 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to

5

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

9-14-17
SO ORDERED, N.Y., N.Y.

The Clerk of Court is directed to close this case. Any pending motions are moot.

_____
KIMBA M. WOOD
U.S.D.J.

DATED: _____       _____
                              THE HONORABLE KIMBA M. WOOD
                              UNITED STATES DISTRICT JUDGE

## SCHEDULE 1

## List of Persons Excluded from the Class in:

*In re China Mobile Games & Entertainment Group, Ltd Securities Litigation*
Civil Action No. 1:14-cv-04471-KMW

The following Persons, and only the following Persons, properly excluded themselves from the Class by the August 24, 2017, deadline pursuant to the Court's Preliminary Approval Order dated May 25, 2017:

| EXCLUDED PERSONS ||
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |