USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHINA MOBILE GAMES & ENTERTAINMENT GROUP, LTD SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | CASE NO. 1:14-CV-04471 (KMW) |

KMW

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF
LITIGATION EXPENSES

This matter came on for hearing on September 14, 2017 (the "Settlement Fairness Hearing") on Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *GlobeNewswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 22, 2017 (the "Stipulation") (Dkt. No. 121-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15

U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount $ 450,000.00 [KMW], plus interest on such amount at the same rate as earned by the Settlement Fund from the date the Settlement Fund was funded to the date of payment, which sums the Court finds to be fair and reasonable, and $ 46,991.40 [KMW] in reimbursement of Plaintiffs' Counsel's litigation expenses, which fees and expenses shall be paid from the Settlement Fund. Lead Counsel shall allocate the attorneys' fees awarded between [KMW] ~~amongst~~ Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $1,500,000 in cash, plus interest, that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Court-appointed Lead Plaintiff Johnnie Dormier and named plaintiffs Edward McCaffery and Charlie Chun (collectively, "Plaintiffs"), who oversaw the prosecution and resolution of the Action;

(c) Copies of the Postcard Notice were mailed to over 14,592 potential Settlement Class Members and nominees directing potential Settlement Class Members to

3

download copies of the Internet Long Form Notice from the Settlement Website or to request a mailed copy from the Claims Administrator. The Internet Long Form Notice stated that Lead Counsel would apply for attorneys' fees in an amount not exceed 30% of the Settlement Fund (or $450,000) and reimbursement of Litigation Expenses in an amount not to exceed $100,000;

(d) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Lead Counsel devoted over 919 hours, with a lodestar value of approximately $465,031.50, to achieve the Settlement. Collectively, Plaintiffs' Counsel devoted over 1,053 hours, with a lodestar value of approximately $551,043.75, to achieve the Settlement;

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i) There were no objections to the requested attorneys' fees and expenses.

6. Lead Plaintiff Johnnie Dormier is hereby awarded $ 1,500.00 [kmw] from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

4

7. Plaintiff Edward McCaffery is hereby awarded $ 1,500.00 [KMW] from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to its representation of the Settlement Class.

8. Plaintiff Charlie Chun is hereby awarded $ 1,500.00 [KMW] from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to its representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED**, this 14 day of September, 2017.

_____
HON. KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

5